UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**ANNETTE RUSSELL,** *et al.*,

    **Plaintiffs,**

vs.

                        Civil Action 2:10-cv-00314
                        Judge Marbley
                        Magistrate Judge E. A. Preston Deavers

**DOUGLAS E. LUMPKIN,** *et al.,*

    **Defendants.**


## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Expedited Discovery (Doc. 15). For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.

### I. BACKGROUND

Plaintiffs, Annette Russell, Linda Kent, Sherry Hylton and April Gonzalez, are four individuals who each applied independently for Medicaid for the disabled. Plaintiffs filed a Complaint against Douglas E. Lumkin, the Director of the Ohio Department of Job and Family Services ("ODJFS"), Tracy J. Plouck, the Director of Medicaid in ODJFS, and Ruth E. Svarda, the Director of the Disability Determination Area, alleging that Defendants and their agents failed to process Plaintiffs' Medicaid applications with reasonable promptness in violation of federal law.

On May 3, 2010, Plaintiffs filed a Motion for Preliminary Injunction (Doc. 12), seeking an order: (A) prohibiting Defendants from denying Plaintiffs' applications due to lack of information; (B) ordering Defendants to arrange and pay for the evaluations and tests that

Defendants have identified as necessary; (C) ordering Defendants to proceed through the evaluation process; and (D) ordering Defendants to produce certain documents and electronically stored information. The Court scheduled a hearing on this motion for May 27, 2010.

On May 4, 2010, Plaintiffs filed the subject Motion for Expedited Discovery, seeking limited expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). Specifically, Plaintiffs request the following expedited discovery:

> A deposition of Defendant Ruth Svarda within 14 business days on the documents attached to Plaintiff's [sic] Motion for Preliminary Injunction, on the practices of the Disability Determination Area with respect to ABD Medicaid, on the processing of Plaintiff's [sic] applications for ABD Medicaid and on the status of those applications.

(Pls.' Mot. for Prelim. Inj. at 1). Plaintiffs represent that Defendants have rejected their requests for expedited discovery.

## II.  ANALYSIS

Plaintiffs' request for expedited discovery is well-taken.

Federal Rule of Civil Proecedure 26 governs the timing and sequence of discovery. Rule 26(d) provides as follows:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> > (A) methods of discovery may be used in any sequence; and
> >
> > (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited

discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

Courts considering motions for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Id*. (citation omitted). The moving party may establish good cause by demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *See id*. (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal 2002)). Good cause is often found when there is a request for a preliminary injunction. *See, e.g., Hydropartners, LLC v. Ecoenergy Energy Generation Ltd.*, No. 1:08-CV-819, 2008 WL 1775411, at *2 (N.D. Ohio April 16, 2008) ("[S]uch limited discovery in advance of [a preliminary] injunction hearing is supported by applicable law."); *Hausser Taylor LLC v. RSM McGladrey, Inc.*, No. 1:07-CV-2832, 2007 WL 2778659, at *3 (N.D. Ohio Sept. 21, 2007) (permitting expedited discovery to "allow Plaintiff the opportunity to present evidence warranting a preliminary injunction"); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F.Supp.2d 986, 991 (S.D. Tex. 2004) ("Expedited discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction." (citation omitted)). Finally, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

In the instant case, the requested discovery is limited and narrowly tailored to the issue central to Plaintiffs' requested injunctive relief. Specifically, Plaintiffs seek to depose a single individual to authenticate documents attached to their preliminary injunction motion and to

3

"establish in more detail . . . the steps Defendants and their agents took in processing the applications of Plaintiffs." (Pl.'s Mot. for Expedited Disc. at 7). Plaintiffs assert that permitting this limited discovery "will save the amount of time needed for a hearing . . . , will better enable the Court and will not burden or prejudice Defendants." (*Id*.). The Court agrees and consequently finds that Plaintiffs have demonstrated that good cause exists for the requested expedited discovery.

### III. DISPOSITION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Expedited Discovery. Plaintiffs may take the deposition of Defendant Ruth Svarda as described in their Motion for Expedited Discovery. **The Deposition shall be taken by May 18, 2010.**

**IT IS SO ORDERED.**

May 11, 2010 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge